UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CHRISTINE YE YOUNG LEE, | ) | No. 14 B 29989 |
| | ) | |
| Debtor. | ) | Judge Goldgar |

**MEMORANDUM OPINION**

This chapter 7 case is before the court on the motion of creditor City Center Properties, LLC to extend the time to file a complaint against debtor Christine Ye Young Lee objecting to her discharge or seeking to determine the dischargeability of her debts. Lee opposes the motion. For the reasons discussed below, City Center's motion will be denied.

**1. Background**

The relevant facts are drawn exclusively from the motion and reply in support, as well as from the court's docket.[1] For purposes of this decision, all of City Center's factual assertions are assumed to be true.

City Center is one of Lee's creditors. In 2013, City Center brought an action against Lee in the Circuit Court of Cook County, Illinois, on Lee's personal guaranty of a commercial lease. City Center prevailed, obtaining a judgment against Lee on March 19, 2014.

On August 14, 2014, Lee filed a chapter 7 bankruptcy case. City Center received notice of the bankruptcy case. The meeting of creditors under section 341 of the Bankruptcy Code, 11 U.S.C. § 341, was set for September 11, 2014. The deadline for filing complaints to object to

---

[1]     A bankruptcy court can take judicial notice of its own docket. *In re Primes*, 518 B.R. 466, 468 n.1 (Bankr. N.D. Ill. 2014); *In re Brent*, 458 B.R. 444, 455 n. 5 (Bankr. N.D. Ill. 2011).

Lee's discharge under section 727 of the Bankruptcy Code, 11 U.S.C. § 727, or to determine the dischargeability of her debts under section 523(c), 11 U.S.C. § 523(c), was therefore November 10, 2014. City Center's notice of the bankruptcy case set forth the deadline.

On September 22, 2014, City Center filed a motion for leave to take Lee's examination under Bankruptcy Rule 2004, Fed. R. Bankr. P. 2004, and also a motion to extend the deadline to file a complaint to object to discharge or to determine dischargeability. Both motions were granted in orders dated October 3. The deadline for a complaint to object to discharge or to determine dischargeability was extended to November 24.

City Center then set about pursuing the Rule 2004 examination. On October 31, City Center issued a subpoena to Lee requiring her to appear for examination and produce documents. The appearance date in the subpoena was November 14. Rather than have Lee appear, however, City Center agreed to continue the examination. Counsel for City Center and Lee subsequently discussed the scope of the document request, and on November 11 City Center's counsel wrote Lee's counsel seeking production of the documents by November 21. Several dates in December were proposed for Lee's examination. To these proposals, Lee's counsel responded on November 13 that Lee would be available for examination on December 8, and he "hoped" to have the documents produced on November 21.

The November 24 deadline passed. At 6:01 a.m. on November 25, 2014, Lee's discharge was entered on the court's docket.

About five and a half hours later, at 11:48 a.m. on November 25, City Center filed a motion to extend the time to object to discharge or to determine the dischargeability of debts. The motion recited some of the foregoing history, noted that counsel for the parties had "been in discussions regarding the production of document[s] prior to the Rule 2004 Exam as well as

scheduling the exam itself," and sought an extension to December 31 "*nunc pro tunc* November 24, 2014."

Before the motion was even presented, Lee filed a written objection, asserting that City Center's motion was too late. On the presentment date, City Center was given leave to file a reply in support of its motion, and Lee was allowed to file a surreply. The motion is fully briefed and ready for decision.

## 2. Discussion

City Center's motion will be denied. As Lee observes, the request for an extension was indeed too late: the deadline had passed. City Center argues that under the doctrine of "equitable tolling" its request was timely, but the facts as City Center describes them do not satisfy that doctrine.

Under Rules 4004(a) and 4007(c), complaints objecting to a debtor's discharge under section 727 or to determine the dischargeability of his debts under section 523(c) must be filed no later than 60 days after the first date set for the meeting of creditors. Fed. R. Bankr. P. 4004(a), 4007(c). The rules permit extensions of the deadlines on motion, but "[t]he motion shall be filed before the time has expired." Fed. R. Bankr. P. 4004(b)(1), 4007(c). Under Rule 9006(b)(3), moreover, extensions of these deadlines may only be granted "to the extent and under the conditions stated" in the rules. Fed. R. Bankr. P. 9006(b)(3). With an exception not relevant here, a bankruptcy court can therefore grant an extension only if the party seeking it files a motion for extension before the deadline has passed. *Baermann v. Ryan (In re Ryan)*, 408 B.R. 143, 159 (Bankr. N.D. Ill. 2009); *Central States, S.E. & S.W. Areas Pension Fund v. Lopresti (In re Lopresti)*, 397 B.R. 62, 66 (Bankr. N.D. Ill. 2008).

-3-

City Center's motion for extension was too late. The first date set for the meeting of creditors in this case was September 11. Under Rules 4004(a) and 4007(c), the deadline for complaints objecting to discharge and to dischargeability was therefore November 10. City Center filed a timely motion for extension and received an extension of the deadline to November 24. Under Rules 4004(b)(1) and 4007(c), however, a further extension had to be sought through a motion filed before the November 24 deadline expired. No motion was filed; the deadline came and went. City Center did not move for a further extension until November 25, after the deadline had passed – and for that matter after Lee had received her discharge. Rule 9006(b)(3) prevents the court from extending the deadline except on the terms that Rules 4004(b)(1) and 4007(c) describe. *Baermann*, 408 B.R. at 159; *Lopresti*, 397 B.R. at 66. So there had to be a timely motion. There was none.

Recognizing as much, City Center invokes the doctrine of equitable tolling. In *Kontrick v. Ryan*, 295 F.3d 724 (7th Cir. 2002), *aff'd*, 540 U.S. 443 (2004), the Seventh Circuit found that the deadline in Rule 4004(a) was not jurisdictional but was similar to a statute of limitations. The court added that "[s]tatutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling." *Id.* at 730 (internal quotation omitted). Because the Supreme Court declined to reach that issue in affirming the decision, *see Kontrick*, 540 U.S. at 457 (refusing to decide whether the deadlines "could be softened on equitable grounds"), the Seventh Circuit's decision permitting at least the three equitable defenses the court mentioned remains good law in this circuit, *see In re Bartlemay*, No. 12-11900-RLM-7, 2013 WL 964026, at *2 (Bankr. S.D. Ind. Mar. 12, 2013); *Opportunity Bank, N.A. v. Martinsen (In re Martinsen)*, 449

B.R. 917, 923 (Bankr. W.D. Wis. 2011); *Baermann*, 408 B.R. at 159; *Lopresti*, 397 B.R. at 66.[2]

The problem for City Center is that the facts here do not warrant equitable tolling. A party is entitled to equitable tolling "'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013); *Weddington v. Zatecky*, 721 F.3d 456, 464 (7th Cir. 2013).[3] Equitable tolling is "rare," *Socha*, 763 F.3d at 684, particularly "when a claimant can obtain an extension of time for complying with a deadline," *Yuan Gao v. Mukasey*, 519 F.3d 376, 377 (7th Cir. 2008). A litigant invoking the doctrine must show that timely filing was "far beyond [his] control." *Socha*, 763 F.3d at 684 (internal quotation omitted).

City Center has not met this test. City Center knew about the bankruptcy case and knew about the initial deadline for complaints objecting to discharge or determine dischargeability. City Center knew about the need to seek an extension of that deadline if it needed one, because it successfully sought an extension to November 24. And City Center knew about the November 24 deadline because that was the deadline requested in its motion. Nothing prevented City

---

[2] Not all courts permit equitable exceptions to the deadlines. *See Kontrick*, 540 U.S. at 457 n.11 (noting that "[l]ower courts have divided on the question"); *see, e.g., Francis v. Eaton (In re Eaton)*, 327 B.R. 79, at 83-86 (D.N.H. 2005) (rejecting the use of equitable defenses as a violation of the express limitation in Rule 9006(b)(3) on the ability of courts to grant extensions).

[3] The Seventh Circuit sometimes gives a different formulation, describing the doctrine as excusing an untimely filing "when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time, provided that he acted promptly once he finally got the information." *Carter v. Hodge*, 726 F.3d 917, 919 (7th Cir. 2013) (internal quotation and citation omitted); *Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013).

Center from filing a motion for another extension before the November 24 deadline passed. That the parties were busy discussing the Rule 2004 examination of Lee is beside the point. The discussions in no way stopped City Center from moving to extend the deadline again. Whatever discussions the parties were having, it was incumbent on City Center to preserve its rights while it had them. City Center has not only shown no "extraordinary circumstance" preventing it from filing another motion, *Socha*, 763 F.3d at 684, it has shown no circumstance at all.

In support of its equitable tolling argument, City Center relies heavily on *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337 (6th Cir. 2003). In *Maughan*, the Sixth Circuit affirmed a bankruptcy court decision to grant a creditor's untimely request for an extension under Rules 4004(a) and 4007(c). As here, the creditor was involved in efforts to have the debtor appear for his Rule 2004 examination. *Id.* at 340. Although he did appear, he failed to produce all of the documents the creditor sought, and he still had not produced them when the deadline came for complaints objecting to discharge or to determine dischargeability. *Id.* Three days after the deadline, the creditor moved for an extension, citing the failure to produce documents as the reason for the late request. *Id.*

Employing a five-factor test for equitable tolling, the Sixth Circuit found no error in the conclusions that the creditor "was diligent in seeking to enforce his rights," and the debtor's "delay in producing documents contributed to [the] failure to timely file his complaint." *Id.* at 344. Although the creditor "could have filed his motion for an extension within the time decreed by the rule," the court noted that "he filed that motion only three days [late]" and said there was "no error in the bankruptcy court's implicit conclusion that this delay, too, was partly attributable to [the debtor's conduct]." *Id.* Nor was there any error in the "express conclusion that [the debtor] suffered no prejudice from the extension." *Id.*

-6-

As Lee correctly notes, however, *Maughan* is not binding on a Seventh Circuit trial court, and there are three good reasons not to follow it. First, the five-factor equitable tolling test that *Maughan* employed is no longer good law, as the Sixth Circuit itself has acknowledged. *Maughan* drew that test from an earlier Sixth Circuit case, *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). *See Maughan*, 340 F.3d at 344. In *Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011), however, the Sixth Circuit observed that the two-part test the Supreme Court articulated in *Holland* (and in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)) was "analytically distinct from . . . the five-factor inquiry." *Id.* at 750. The court concluded that "*Holland*'s two-part test has replaced [the] five-factor framework as the governing inquiry in this circuit." *Id.*; *see also Patterson v. Lafler*, 455 Fed. App'x 606, 609 n.1 (6th Cir. 2012) (declaring that in *Hall* "we held . . . that *Holland*'s two-part test replaced the *Andrews* test"); *United States v. Johnson*, No. 05-CR-80337, 2014 WL 4964387, at *1 n.3 (E.D. Mich. Oct. 2, 2014).[4/]

Second, as the Sixth Circuit noted in *Hall*, the five-factor test that *Andrews* described and *Maughan* applied is less stringent than the two-part test in *Holland*, in *Pace* – and in the Seventh Circuit decisions. The *Andrews* factors are "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Maughan*, 340 F.3d at 344. *Holland*, by contrast, requires both a party's "diligent[ ]" pursuit of his rights, and some "extraordinary circumstance" that "stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. "[M]eeting all five factors of the *Andrews* test does not necessarily demonstrate the 'extraordinary circumstance' that *Holland*

---

[4/]    At least one trial court in the Sixth Circuit has held that *Pace* effectively overruled *Maughan*. *See Thomas v. Webb*, No. 3:05CV-P794-H, 2007 WL 628136, at *2 (W.D. Ky. Feb. 23, 2007).

-7-

requires." *Patterson*, 455 Fed. App'x at 609 n.1 (quoting *Hall*, 662 F.3d at 750).

Third, *Maughan* is distinguishable on its facts. The decision suggests (albeit without any real explanation) that the debtor's "delay in producing the documents contributed to [the creditor's] failure to timely file his complaint" as well as to the delay in seeking an extension of the deadline. *Maughan*, 340 F.3d at 344.[5/] Here, on the other hand, City Center never asserts either that Lee failed to obey the Rule 2004 subpoena or, more important, that Lee did anything to cause City Center to miss the deadline. For all the record shows, the parties were engaged in discussions about Lee's compliance with the subpoena, and during those discussions City Center simply forgot to seek an extension until it was too late. Missing a deadline through neglect does not present a case for equitable tolling, certainly not under current law. *See Holland*, 560 U.S. at 649; *Socha*, 763 F.3d at 683-84.

More relevant here, and so more persuasive, is *Grabitske v. Brittingham & Hixon Lumber Co.*, No. 10-cv-267-bbc, 2010 WL 3666990 (W.D. Wis. Sept. 15, 2010). In *Grabitske*, a creditor obtained an extension of the time to file a complaint to determine dischargeability and then in the weeks that followed sought to set a date for the Rule 2004 examination of one of the debtors. *Id.* at *1. The parties had difficulty scheduling the examination. *Id.* Although counsel for the debtors agreed to an extension of the deadline for objection, the creditor never moved for one. *Id.* at *2. The deadline passed, the discharge was entered, and the case was closed. *Id.* A month later, the creditor sought to reopen the case, asserting that the parties had agreed informally to "an adjournment" of the objection deadline. *Id.* The bankruptcy court granted the motion to reopen and also granted the creditor's motion to allow the late filing of the creditor's adversary

---

[5/]     *Maughan*'s conclusion that the debtor "contributed" to the creditor's delay is also inconsistent with the decision's acknowledgment that the creditor "could have filed his motion for an extension within the time decreed by the rule." *Maughan*, 340 F.3d at 344.

proceeding, *id.*, finding it "inequitable" not to given the parties' discussions, *id.* at *4.

The district court reversed. The court noted that under *Kontrick* the deadline in Rule 4007(c) is "subject to certain 'equitable defenses' that apply to other deadlines and statutes of limitations." *Id.* (quoting *Kontrick*, 295 F.3d at 733). But, the court added, the Seventh Circuit has never held that the deadline can be altered based on "general perceptions of equities." *Id.* As for the three defenses mentioned in *Kontrick*, none applied. *Id.* at *6-7. The court specifically rejected equitable tolling, reasoning that although the creditor was attempting to take the debtor's Rule 2004 examination, he was "on notice" of the objection deadline and never sought an extension. *Id.* at *7. "In other words," the court continued, "[he] could have acted to protect [his] interests, but did not. In that circumstance, equitable tolling does not apply." *Id.* The same is true for City Center and its attempt to claim equitable tolling.

Although it may seem harsh to deny an extension to City Center when it was only one day late in seeking one, that is the nature of deadlines. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644 (1992) ("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality."). Rules 4004(a) and 4007(c) are meant to provide "a time certain" when creditors can no longer object; then "[t]he debtor can relax." *Meyer v. F.D.I.C. (In re Meyer)*, 120 F.3d 66, 68 (7th Cir. 1997). The decision here is no more harsh than others on the subject. *See, e.g., Bartlemay*, 2013 WL 964026, at *1-3 (rejecting extension where creditor was one day late); *Lopresti*, 397 B.R. at 65-67 (dismissing as untimely complaint filed two days late). Some are harsher. *See, e.g., United Community Bank v. Harper (In re Harper)*, 489 B.R. 251, 254-60 (Bankr. N.D. Ga. 2013) (dismissing as untimely complaint filed two minutes and forty-four seconds past the deadline).

### 3. Conclusion

The motion of City Center Properties, LLC to extend the time to file a complaint against Christine Ye Young Lee objecting to discharge or dischargeability is denied. A separate order will be entered consistent with this opinion.

Dated: January 21, 2015

_____
A. Benjamin Goldgar
United States Bankruptcy Judge